## TEXAS AND ST. LOUIS RAILWAY COMPANY V. EDDY.

1. RAILROADS: *Damages for right of way: Excessive.*
   Verdicts for damages for right of way are not set aside for excess, except when they are not supported by proof, or are so excessive as to indicate passion, prejudice, or an incorrect appreciation of the law applicable to the case.

2. SAME: *Evidence of value of land.*
   The tax assessment of land is not admissible as evidence of its value in assessing the damages for right of way. It is made for a different purpose and is not a fair criterion of its market value.

APPEAL from *Columbia* Circuit Court.
Hon. C. E. MITCHEL, Circuit Judge.

*L. A. Byrne* for appellant.

1. The verdict was excessive and should be set aside. *39 Ark., 387; 25 Ib., 49.*

2. The court erred in permitting and compelling witnesses to state in round numbers their opinion of the damages. See rule *39 Ark., 167.*

3. The assessor's books were admissible to contradict the evidence of defendant. *8 Nev., 165.*

SMITH, J. The railway company filed its petition to condemn a right of way, one hundred feet wide, through the defendant's farm. The tract consisted of two hundred acres, proved to be worth about $10 per acre. The railroad traversed the cultivated portion of it for the distance of half a mile. The land actually appropriated was computed to be six acres; but it cut up the remainder into an inconvenient shape, leaving fifteen or eighteen acres south of the railroad in a long narrow strip, of the average width of one hundred yards. As the houses and mass of improved land lay to the north, this strip was rendered

more difficult of access and its value impaired for agricultural purposes.

The defendant estimated his damage at $550. Another of his witnesses thought the whole tract had been depreciated in value by the construction of the road to the extent of one-third; while one of the petitioner's own witnesses put the damage at one-fifth of the value of the entire tract. The jury gave $425.

RAILROADS Damages for right of way: Excessive. The principal error assigned is in the amount of the recovery. Verdicts are set aside for this cause only when they are not supported by proof, or when they are so excessive as to indicate passion, prejudice, or an incorrect appreciation of the law applicable to the case. *Ayliff v. Hardy's Exrs.*, 25 Ark., 49; *Kelly v. McDonald*, 39 Ib., 387.

The assessment of damages in this case awards a liberal compensation to the land owner; but upon the evidence is not shocking to the sense of justice, nor even unreasonably large.

Evidence of value of land: Tax assessment is not. It was no error to exclude from the jury the valuation of the same land made by the assessor for purposes of taxation. The determination of value, being for a different purpose, is not a fair criterion of its market value. *Brown v. Providence R. R.*, 5 *Gray*, 35.

Affirmed.