DORR, GRAY AND JOHNSTON *v.* FIKE.

Opinion delivered July 9, 1928.

*McCaleb & McCaleb,* for appellants.

*Gustave Jones* and *Ira J. Matheny,* for appellee.

HART, C. J., (after stating the facts). A physician or other person undertaking to use X-rays is held to the same measure of responsibility as in administering other forms of medical treatment. He impliedly contracts with the patient that he possesses ordinary skill in administering X-rays, and that he will exercise reasonable skill, care and diligence in his treatment or diagnosis of the patient. *Runyan* v. *Goodrum,* 147 Ark. 481, 13 A. L. R. 1403, 228 S. W. 403.

In discussing the question in that case the court said:

"The doctrine of *res ipsa loquitur* does not apply in such cases, because the testimony shows that, on account of the idiosyncracies of the X-ray machine, one person of a certain type and temperament would be susceptible to a burn while another person of a different type, under the same circumstances, would not be burned. Moreover, it is shown that burns do occasionally occur, in the ordinary course of the exposure, in spite of the highest diligence and skill to prevent them."

The facts in this case are substantially the same as the facts developed in the case of *Dorr, Gray & Johnston* v. *Headstream,* 173 Ark. 1104, 295 S. W. 96. The defendants in the two cases are the same, and the cases were tried before the same circuit judge. An examination of the record discloses that the same rulings were made in the two cases on the admission of evidence and on the instructions. Therefore we do not deem it necessary to again consider the assignments of error which were argued and determined in that case. We have carefully compared the records in the two cases, and find that the same principles of law governed the court in the trial of the two cases, and we do not deem it necessary to reiterate what was said in discussing the various assignments of error in the Headstream case.

In addition to the assignments of error in that case, it is here contended that the court erred in refusing to make the complaint more definite and in excluding from the jury the testimony of the plaintiff as to the loss of time suffered and the expenses incurred in buying medicines and in medical treatment, because he did not itemize these amounts, and because the defendants had no opportunity to meet the issue on these points. We do not deem this assignment of error well taken. The plaintiff in his complaint states the facts upon which his cause of action is based. He alleges facts tending to show that the injury to his back was permanent, and that he has suffered great pain therefrom. He prays for general damages, and he asks for special damages on account of loss of time and on account of money expended for medi-

cines and medical attention. In his testimony plaintiff stated that he was damaged in the sum of $3,713 for loss of time and for expenses incurred in buying medicines and paying for medical attention. He alleges that he suffered special damages for loss of time on account of inability to work, and for amounts expended for medicines and medical attention.

It is well settled in this State (and no citation of authorities is necessary to support the position), that all a pleader is required to state are the facts upon which he relies for a recovery, where general damages are claimed. From the very nature of things, general damages are incapable of segregation into different items. As we have just stated, the plaintiff alleged special damages for loss of time from his usual work, and for medical expenses incurred. He was not required to itemize these amounts or to state how many days or months he was unable to work and the exact amount of money he expended for medicines and medical attention. That was a matter which should be developed in the proof, and good pleading did not require that he should state the evidence upon which he based his claim for damages in his complaint. All he was required to do was to put the defendants upon notice that he expected to recover special damages for loss of time and for expenses incurred for medicines and medical attention.

It is next insisted that the court erred in instructing the jury to consider plaintiff's diminished earning capacity in arriving at their verdict. We do not consider this assignment of error well taken. The impairment of the power to earn money implies that the injured person can follow some wage-earning occupation, and that his ability to earn money, though reduced, is not totally destroyed. Hence his impairment of earning capacity begins when the injured person is able in some degree to follow a wage-earning occupation. *Blue Grass Traction Co.* v. *Ingles,* 140 Ky. 488, 131 S. W. 278.

In the present case the evidence for the plaintiff tended to show that his injuries were permanent, and,

under his claim for general damages, he was entitled to show that his earning capacity had been impaired so that, when he was able to go to work, he could not earn as much as he had previously done.

His claim for allowance for loss of time was a different matter. His claim in that respect as an element of damage was a claim for special damages, and was actionable as such, because his loss in that respect was due to the fact that he could not follow any wage-earning occupation for a specified length of time.

Again, it is insisted that the court erred in refusing to instruct the jury that there was no evidence that the plaintiff had been delirious since receiving the X-ray treatment on account of that treatment. Therefore the defendants asked the court to instruct the jury that this fact could not be considered by the jury as one of the plaintiff's grounds for recovery of damages in the case. We do not think the court erred in refusing to so instruct the jury. The jury might have inferred from the evidence for the plaintiff that he was delirious for several weeks on account of the pain and suffering he endured from the defendants' negligence in administering the X-rays to him.

We have carefully examined the record, and have reached the conclusion that the case was tried according to the principles of law decided in the case of *Dorr, Gray & Johnston* v. *Headstream,* 173 Ark. 1104, 295 S. W. 16. Hence we find no reversible error in the record, and the judgment will therefore be affirmed.