COCA-COLA BOTTLING COMPANY OF ARKANSAS *v.* CORDELL.

4-3619

Opinion delivered December 3, 1934.

*Jones & Wharton* and *S. Hubert Mayes,* for appellant.

*Hugh U. Williamson* and *Fred M. Pickens,* for appellee.

MEHAFFY, J. This action was begun by the appellee in the Jackson Circuit Court. The complaint stated that on April 18, 1931, the appellee purchased from the Cash Service Station, Newport, Arkansas, a bottle of Coca-Cola which had been manufactured and delivered to said Cash Service Station by the appellant. It was alleged that, instead of being wholesome and fit for human consumption, said bottle of Coca-Cola so purchased had been negligently bottled by the appellant, and was unwholesome, poisonous, and wholly unfit for use, in that it contained a decomposed foreign substance, poisonous and deleterious, which had been negligently permitted to enter and remain in said bottle by the appellant. Appellee then alleged that he drank a portion of the contents of the bottle, and he became sick, and was permanently injured.

The appellant filed a motion to require the appellee to make his complaint more definite and certain, and this motion was sustained by the court.

Thereafter, the appellee filed an amendment in which it was stated: "that said bottle of Coca-Cola contained some kind of poisonous matter, foreign matter, and unwholesome matter, which has changed the color and appearance of same, giving it the appearance of being murky and cloudy with heavy dark dregs and settlings in same, the chemical analysis of which is unknown to the plaintiff."

The appellant then filed a supplemental motion to require appellee to make his complaint more definite and

certain. This supplemental motion was overruled by the court, and appellant filed answer denying all the material allegations of the complaint and alleging contributory negligence.

There was a verdict and judgment for $3,000, and the case is here on appeal.

The appellant contends for a reversal on two grounds only, first, that the court erred in refusing to compel the appellee to conform to the motion to make more definite and certain, and in overruling appellant's supplemental motion; second, that the verdict is excessive.

The original complaint was sufficient without any amendment. The court probably sustained the first motion to make more definite and certain under the belief that appellee could state what substance was in the bottle. When the amendment was filed, it contained the statement that the chemical analysis was unknown to the appellee.

Section 1183 of Crawford & Moses' Digest provides: "The pleadings are the written statements by the parties of the facts constituting their respective claims and defenses." Section 1187 of Crawford & Moses' Digest, in stating what the complaint shall contain, among other things, said: "A statement in ordinary and concise language, without repetition of the facts constituting the plaintiff's cause of action."

We think the original complaint is a compliance with the provisions of the statute. It is a statement, in ordinary and concise language, of the facts constituting the plaintiff's cause of action.

The appellant relies on the case of *Rapp* v. *Parker,* 128 Ark. 236, 193 S. W. 535. That was a suit for slander, and the court said among other things: "The sole question in the case is whether, in charging slander, it is necessary to set out the defamatory words." The defamatory words were not set out, the court sustained a motion to make more definite and certain, and the plaintiff refused to amend and the complaint was dismissed. The court also said in that case: "Unless the words used

were set out, it would be impossible for judge or jury to properly construe them."

In the instant case the appellee amended his complaint in compliance with the order of the court.

In the case of *Dorr, Gray and Johnston* v. *Fike*, 177 Ark. 907, 9 S. W. (2d) 318, the court said: "It is well settled in this State (and no citation of authorities is necessary to support the position) that all a pleader is required to state is the facts upon which he relied for a recovery, where general damages are claimed."

Many complaints of this kind have been before this court and other courts, and it has never been required to set out the facts with more certainty than they are set out in the complaint in this case.

It is next contended that the verdict is excessive. Section 1305 of Crawford & Moses' Digest is as follows: "When by the verdict, either party is entitled to recover money of the adverse party, the jury in their verdict must assess the amount of recovery." Section 1311 provides that a new trial may be granted for excessive damages appearing to have been given under the influence of passion or prejudice.

"While the discretion of the jury is very wide, it is not an arbitrary or unlimited discretion, but it must be exercised reasonably, intelligently, and in harmony with the testimony before them. The amount of damages to be awarded for breach of contract, or in actions for tort, is ordinarily a question for the jury; and this is particularly true in actions for personal injuries and other personal torts, especially where a recovery is sought for mental suffering." 8 R. C. L. 657, § 199; *Olson* v. *St. Paul & D. R. Co.*, 48 N. W. 445; *Colgate Co.* v. *Bross*, 107 Pac. 425; *Christy* v. *Elliot*, 74 N. E. 1035.

This court said: "The principal error assigned is in the amount of the recovery. Verdicts are set aside for this cause only when they are not supported by proof, or when they are so excessive as to indicate passion, prejudice, or an incorrect appreciation of the law applicable to the case." *Texas & St. L. Ry. Co.* v. *Eddy*, 42 Ark. 527; *Kelly* v. *McDonald*, 39 Ark. 387.

"The amount of recovery in a case of this sort should be such, as nearly as can be, to compensate the injured party for his injury. The suit is for compensation, and compensation means that which constituted or is regarded as an equivalent or recompense; that which compensates for loss or privation, remuneration." M. P. Ry. Co. v. Remel, 185 Ark. 598, 48 S. W. (2d) 548.

The evidence shows that the appellee was forty years old, that he became violently sick, vomited, and suffered pain, and was unable to eat the things he had formerly eaten, and was under the care of a physician for a long while. Appellee's physician testified that his injury was permanent; that he would suffer as long as he lived.

The extent of the injury and the amount of recovery were questions of fact for the jury, and there is nothing in this case to indicate passion, prejudice, or an incorrect appreciation of the law applicable to the case. This court, as was said in Texas & St. L. Ry. Co. v. Eddy, supra, cannot set aside a verdict if it is supported by proof, and when there is nothing to indicate passion, prejudice, or an incorrect appreciation of the law applicable to the case.

The jury were correctly instructed; they saw the witnesses; heard them testify; were able to observe their demeanor on the witness stand, and also had an opportunity to see the appellee himself, and they are therefore better judges of the extent of the injury and amount necessary to compensate appellee than this court is, and for that reason the jury is the judge of the credibility of the witnesses and the weight to be given to their testimony.

The judgment is affirmed.