COCA-COLA BOTTLING COMPANY OF ARKANSAS *v.* EUDY.

4-4485

Opinion delivered January 11, 1937.

*S. Hubert Mayes, Gustave Jones* and *J. Hugh Wharton,* for appellant.

*H. U. Williamson* and *Fred M. Pickens,* for appellee.

BAKER, J. This is the second appeal of this case. The judgment rendered in the first trial for Ella Eudy was reversed, and the cause remanded for error of the trial court in failing to grant a new trial upon newly-discovered evidence. *Coca-Cola Bottling Co.* v. *Eudy,* 191 Ark. 877, 88 S. W. (2d) 53.

Upon the second trial the record is not essentially different from the record upon the first trial except that the witness, Mrs. Moore, absent at the time of the first trial, was called and testified. Practically all the matters set forth in her affidavit in the motion for a new trial are to the same effect upon the last trial. The only difference in the result is that the first judgment was for $600, and the judgment from which this appeal was

brought is $1,250. Mrs. Eudy's action is based upon an illness alleged to have been caused by a spider found in a bottle of Coca-Cola served to her in a restaurant in Newport, Arkansas: She and Mrs. Moore had gone together to the restaurant to get a drink. After drinking, a partially decomposed spider was found in the bottle and Mrs. Eudy became very ill. A doctor was sent for and she was taken to her room at the home of Mrs. Moore where she had been employed as a servant at $2 a week and board for herself and small child.

The effect of Mrs. Moore's testimony was that Mrs. Eudy had found a spider about the house, had killed it and took it with her and put it in the bottle at the restaurant after it had been opened, and from which she was drinking. The question of fact raised by this positive and direct testimony, so given by Mrs. Moore, together with all other facts, was submitted to the jury under proper instructions, the instructions having been approved in numerous cases of this same type.

The evidence is to the effect that the drink was served by taking a bottle from the cooler and opening it in the presence of appellee, and that it was at the time of sale in the same condition as when received from the bottling company. The spider was found in the bottle while appellee was drinking therefrom. She became very ill, and a physician was called and he treated her before she left the restaurant at which she had purchased the drink.

The facts presented made a jury question. There was, therefore, no error in refusing to direct a verdict for defendant.

Appellant suggests that the verdict of the jury was excessive. This alleged error was presented in a motion for a new trial.

Mrs. Eudy says that she was sick and in bed on account of her illness for about two weeks. At that time she got married and left the community. She says however that she continued ill, and suffered to some extent for about two months. Her physician shows that she suffered considerable pain and distress for a period of four or five days, and that it was necessary for him to

visit her during that period. He then states that she made a normal recovery. It was agreed between the parties and stipulated in the record that the appellee did not suffer any permanent injury, and upon this stipulation the allegations of the complaint to that effect were abandoned.

It is argued by appellee with considerable force and effect that the extent of the injury, the virulence of the attacks and the continuance thereof, anguish and suffering are matters to be determined by the jury to the same extent as the matter of liability. With this contention we are in hearty accord.

It is urged, however, with equal force, that this testimony does not support any finding of fact justifying $1,250 verdict. The first jury had found and fixed liability at $600. Appellee says that statement should not influence us, though it is argued by appellant as a matter tending to show the excessiveness of the last judgment. We do not think it has this effect. The only proposition presented here is whether the facts justify the judgment rendered upon this trial. Mrs. Eudy's money loss was negligible. During the two weeks that she remained at the home of Mr. and Mrs. Moore she did not receive her wage of $2. She and her child, however, were supported so her loss of wages amounted to $4. The doctor's bill for the four or five trips, under ordinary conditions, would not have been large. If she proved how much that loss was the abstract does not reflect it. For her pain and suffering she has a judgment for more than $1,200. It is not a proposition of what one would expect to be paid to make him willing to suffer as she probably did during her illness. There is no proof of additional injury or suffering after the first trial. Verdicts not supported by proof may be set aside. *Texas & St. Louis Ry. Co.* v. *Eddy,* 42 Ark. 527.

This was quoted with approval in *Coca-Cola Bottling Co.* v. *Cordell,* 189 Ark. 1132, 76 S. W. (2d) 307. See also *M. P. Rd. Co.* v. *Remel,* 185 Ark. 598, 48 S. W. (2d) 548.

This matter is fully presented in the case of *Coca-Cola Bottling Co.* v. *Massey, ante* p. 423, 100 S. W. (2d) 681.

It is a matter of compensation for the pain and suffering both physical and mental, and also for her loss of time and doctor's bill as the record may show was established by proof. We are convinced that this record does not support the verdict rendered; that it will not support a judgment in excess of $300.

The judgment is, therefore, modified to permit a recovery of $300, and as modified, is affirmed.

HUMPHREYS and MEHAFFY, JJ., dissent as to modification.

MEHAFFY, J., (dissenting). This is the second appeal in this case. The first trial of the case in the circuit court resulted in a verdict and judgment for $600 for the appellee. A motion for a new trial was filed and overruled, and thereafter a motion for a new trial on the ground of newly-discovered evidence was filed and overruled, and the case was appealed to this court. This court reversed the judgment and remanded the cause for a new trial. The reversal was solely on the ground of newly-discovered evidence. *Coca-Cola Bottling Company of Arkansas* v. *Eudy*, 191 Ark. 877, 88 S. W. (2d) 53.

On the second trial the alleged newly-discovered evidence was introduced and there was a verdict and judgment for the appellee for $1,250. The case is here on the second appeal, and this court has reduced the judgment to $300 and affirmed it for that amount; an amount probably insufficient to pay the cost and expenses of the trials.

Section 7 of article 2 of the Constitution reads as follows: ''The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law.''

What does the Constitution mean when it says that trial by jury shall remain ''inviolate''? I think it means, and this court has uniformly held it to mean, that the

finding of facts by a jury, if there is any substantial evidence to sustain the finding, is conclusive, and this court cannot set aside the verdict if supported by substantial evidence. If it could, the provision of the Constitution would be meaningless. This court has no more right to substitute its judgment for the judgment of the jury than the jury has to substitute its judgment for the court's on a question of law. In other words, questions of law are to be decided by the court, and questions of fact are to be decided by the jury.

"In many cases of tort, however, the injury complained of is of such nature that compensation cannot be awarded by any precise pecuniary standard and there is no legal measure of damages, because the injury does not consist of pecuniary elements, or elements of which the value can be measured or expressed in money. The compensation which shall be allowed for an injury of this character is by the common law referred to the sound discretion and dispassionate judgment of a jury. Where there is a legal measure of damages the jury must determine the amount as a fact according to that measure, otherwise the law which measures the compensation would be of no avail; and whether they have done so or not in a given case may be proximately seen by a comparison of the verdict with the evidence." Sutherland on Damages, vol. 1, page 3.

"The general principle which forms the basis of all judicial attempts to define the respective provinces of judge and jury lies in the fact that of the three elements which compose every judicial question one must always be determined by the court, or, rather, the judge of the court, and the other by the jury—the law by the former, and the fact by the latter. In other words, it is the exclusive province of the judge to decide all disputed questions of law, and the jury is invested with the exclusive power to decide all disputed questions of fact. Neither should be permitted to encroach upon the functions of the other." Hyatt on Trials, vol. 2, page 1647.

The jury is the judge of the facts, and to say that a verdict of a jury may be set aside if there is substantial evidence to support it, simply because it does not con-

form to our standard, is, in effect, abrogating the law as to jury trials.

Section 1313 of Crawford & Moses' Digest provides, among other things, that a verdict shall not be held to be excessive or be set aside as excessive, except for some erroneous instruction, or upon evidence aside from the amount of damages assessed, that it was rendered under the influence of passion or prejudice. Of course, the legislature did not intend to say, and did not mean, that a verdict, not supported by substantial evidence, could not be set aside; it has always been the rule before and since the passage of the law referred to, that the verdict of the jury must be sustained by substantial evidence or it would be set aside; but where the verdict is sustained by substantial evidence, no court has any right to set it aside. To do so would invade the province of the jury, and would be substituting the judgment of the court as to the facts for the judgment of the jury. If we can do this, there is no reason for having a jury at all.

It is true that in the case of *St. Louis & North Ark. Rd. Co.* v. *Mathis*, 76 Ark. 184, 91 S. W. 763, 113 Am. St. Rep. 85, the court construed this statute to mean a limit on the jurisdiction conferred on the Supreme Court by the Constitution. This case, however, was first affirmed by this court, and then on rehearing it was reversed, the court holding that the amount allowed by the jury was excessive, but they did not reduce it, as was done in this case. There was a verdict of $10,000, and this court held that $8,000 was sufficient to compensate the appellee fully, and ordered that if the appellee would, within 15 days, remit $2,000 of the judgment, that it would be affirmed for the remainder, $8,000; otherwise, it would be reversed and the cause remanded for a new trial. The court, in deciding that case on rehearing, said: "Believing, as we do, that the amount allowed by the jury, either upon one or the other of the two elements of damages, was excessive, it becomes our duty to remand this cause for a new trial, or to require the plaintiff to remit the judgment down to such an amount as we can say

the evidence fully warranted, there being no errors of law in the proceedings."

That decision can only mean that the court did not think there was substantial evidence to sustain the full amount. But it did not then undertake to reduce and modify it. To do that is to pass on the facts, and that is the province of the jury and not the court. It is true we have, since that time, modified and affirmed judgments; have reduced the amounts found by the jury, but under the Constitution and laws we have no right to do that. If we do that, we are passing on the facts and substituting our judgment for the judgment of the jury, which we have no right to do.

We have recently held that it is the province of the jury to pass upon the facts, and that the only question for this court is, is there substantial evidence to sustain the verdict. In the case of *Missouri Pacific Rd. Co.* v. *Remel,* 185 Ark. 598, 48 S. W. (2d) 548, we said: "The amount of recovery in a case of this sort should be such, as nearly as can be, to compensate the injured party for his injury. The suit is for compensation, and compensation means that which constitutes or is regarded as an equivalent or recompense; that which compensates for loss or privation, remuneration."

This declaration of law was copied and approved in the case of *Coca-Cola Bottling Company of Ark.* v. *Cordell,* 189 Ark. 1132, 76 S. W. (2d) 307. In that case we also said: "While the discretion of the jury is very wide, it is not an arbitrary or unlimited discretion, but it must be exercised reasonably, intelligently, and in harmony with the testimony before them. The amount of damages to be awarded for breach of contract, or in actions for tort, is ordinarily a question for the jury; and this is particularly true in actions for personal injuries and other personal torts, especially where a recovery is sought for mental suffering."

The above simply means, and can only mean, that there must be substantial evidence to sustain the verdict, and if so, then it is in harmony with the testimony before them, and I think that the verdict of a jury, both on the question of liability and the amount of damages,

cannot be disturbed by the court if sustained by substantial evidence.

I, therefore, dissent from the holding of the court in reducing the damages and affirming for $300. I am authorized to state that Mr. Justice HUMPHREYS agrees with me in this dissenting opinion.