COCA-COLA BOTTLING COMPANY *v.* MORRISON.

4-4682

Opinion delivered June 14, 1937.

*Audrey Strait* and *W. P. Strait,* for appellant.

*Ed Gordon* and *McDaniel, McCray & Crow,* for appellee.

SMITH, J. Appellee recovered a judgment against appellant for $1,000, to compensate an illness and incidental physical suffering alleged to have been caused by swallowing a spider found in a bottle of Coca-Cola bottled by appellant.

There is some conflict as to whether the Coca-Cola in question was bottled by appellant or by another bottler doing business in Hot Springs; but without reciting the testimony it may be said that it was sufficient to sustain the finding that it was appellant who had bottled it and sold the bottle to the retailer from whom appellee purchased it.

Appellee testified that he bought a bottle of Coca-Cola, and that as he drank a portion of its contents he realized that he had swallowed something besides the drink. He became sick at his stomach, and sent for a Dr. Burks, his father-in-law, who administered an emetic, from the effects of which he vomited into a pan, and a partly decomposed spider was found in the pan. This occurred about two hours after drinking the Coca-

Cola. Dr. Burks expressed the opinion that the presence of the spider in appellee's stomach had occasioned appellee's nausea and his subsequent illness, which became so severe that appellee was removed to a hospital, where he remained for attention and treatment for six or seven days. Appellee testified that he had not even yet fully recovered from his illness, and had lost much time from his work on account thereof. Dr. Burks admitted on his cross-examination that if a poisonous substance is taken into the stomach it will not become effective until after it has been dissolved by the digestive organs. The spider here alleged to have been swallowed had not been digested, for although somewhat decomposed its identity was recognized after it had been vomited. There is a question whether the spider was swallowed at all, as appellee testified that it remained in his throat until the emetic had been administered.

It was denied by appellant that there was any spider in the bottle, and, if so, that its presence there was due to any lack of care on appellant's part. The testimony shows the very highest degree of care in connection with bottling the drink; but the testimony is sufficient also to show that there was a spider in the bottle.

Many of these cases have been before this court and the law governing has been previously declared. Among other cases were the three cases decided January 11, 1937. In one of these, that of *Coca-Cola Bottling Co.* v. *Massey,* 193 Ark. 423, 100 S. W. (2d) 681, we quoted from the case of *Coca-Cola Bottling Co.* v. *McBride,* 180 Ark. 193, 20 S. W. (2d) 862, as follows: " 'The *prima facie* case of negligence arising from proof that a bottle of Coca-Cola contained poisonous matter was not overcome by proof that the most modern machinery was used in cleansing and filling bottles, and that defendant's plan and system was to exercise every precaution in doing so, and to inspect every bottle.' " It was there further said: "By this it was meant that such testimony was not conclusive as a matter of law, but that the presumption of negligence arising from proof of the presence of the deleterious matter was not overcome by showing the care

usually employed to prevent its presence and to discover if it were in a bottle. In other words, the case presented, under the conditions stated, is for the consideration and determination of the jury whether, as a matter of fact, there was extraneous matter in the bottle when sold to the consumer, and, if so, whether it was there when it left the plant of the bottler and its presence had not been discovered through lack of care in bottling the drink and the inspection of the bottle containing it.''

The testimony of appellee made a question of fact which has been passed upon and concluded by the verdict of the jury, as to whether a spider was found in the bottle, and, if so, whether the presumption of negligence arising from that fact has been overcome.

It is insisted that the verdict is excessive; and we have concluded that it is. In this Massey case, *supra,* where the plaintiff swallowed particles of glass, a judgment for $4,000 was reduced to $1,000. In another of these cases above referred to, *Coca-Cola Bottling Co.* v. *Raymond,* 193 Ark. 419, 100 S. W. (2d) 963, a judgment for $5,000 in favor of the plaintiff who had swallowed particles of glass, was reduced to $1,000. In the third one of those cases, *Coca-Cola Bottling Co.* v. *Eudy,* 193 Ark. 436, 100 S. W. (2d) 683, a judgment for $1,250 in favor of the plaintiff who had swallowed a spider was reduced to $300.

Dr. M. M. Blakeley, called as a witness for appellee, testified that he saw and examined appellee at his home before appellee was taken to the hospital, and found him sick at the stomach, gagging and vomiting, and that he thought at the time that appellee's sickness had been caused by swallowing a spider, but in answer to the question, ''Is he still suffering from this trouble?'', Dr. Blakeley answered: ''I have not talked with him professionally. I have not examined him in the last few days, but he complains of having these spells of diarrhea. I do not know how often he has them. He has some pain in his right abdomen. I thought it was chronic appendicitis.'' No physician expressed the opinion that swallowing a spider would cause appendicitis, either acute or chronic.

Dr. H. E. Mobley testified in behalf of appellant that he had appellee under examination for two days and subjected him to X-ray and other tests, and that in his opinion appellee has chronic appendicitis. Dr. Mobley and the State Chemist both testified that if one swallowed a dead spider without knowing it, that no harmful effects would follow, but that if he knew it "the mental effect, the repulsion, the psychological effect" would make him sick. They were of the opinion that only through the bite or sting of a spider or other poisonous bug or insect could the poison get into the tissues and into the blood stream.

However this may be, we have concluded, upon the authority of the cases above cited and other cases to the same effect, that a judgment in excess of $300 would be excessive, and the judgment will, therefore, be modified and reduced to that amount.

HUMPHREYS and MEHAFFY, JJ., dissent from modification.