

*Westbrooke & Westbrooke,* for appellant.

*Richardson & Richardson,* for appellee.

Holt, J.   Appellee brought suit against appellants in the Randolph circuit court to recover damages for injuries which she alleged she received while a passenger on a bus belonging to appellant, Missouri Pacific Transportation Company, and operated and driven by appellant, Clyde Fiveash, its employee.

She sets out in her complaint a general allegation that appellants (defendants below) were negligent in furnishing, maintaining and operating the bus in question at the time of her alleged injuries, and that without such negligence on the part of defendants the bus would not have been wrecked, and she would not have been injured.

Defendants set up a general denial, and in addition pleaded contributory negligence and assumption of risk on the part of appellee.

The record reflects that appellee, Alma Porter, a colored woman, twenty-two years of age, boarded appellants' bus at Newport, Arkansas; at about 10:15 on the night of February 26, 1938, and took her seat in the rear. In one hand she carried a suitcase and in the other an eighteen-months-old baby. She had been married, but was divorced.

After the bus had been driven by appellant, Fiveash, about thirty-five miles, or within about five miles of Hoxie, on the eighteen-foot concrete highway between the two cities, the wheels on the left side of the bus left the pavement and traveled on the dirt shoulder some two hundred and forty feet when the bus struck some posts supporting mail boxes, swerved quickly to the right across the pavement, turned off of the highway dump, which was about four feet high, to the right, and overturned two or three times.

As a result, appellee received an injury to her head, many bruises and abrasions, and, according to the testimony of one of the doctors, her left leg was fractured between the knee and hip. This limb was in a cast for approximately one month and appellee was confined to her bed for three months following her injuries. There is evidence that her injuries are of a permanent nature.

The doctor, who testified on behalf of appellee, stated that while he made no X-ray of appellee's limb, yet that she was very thin and he could feel the bone fracture, and that upon an examination a short time

before the trial he could feel a knot on the bone where the fracture had healed.

There is evidence that appellee suffered intense pain and still suffers to a certain extent. Before her injuries she was a strong and healthy woman and the only times that she had ever been sick were the occasions on the births of her two children. She had a position that would pay her $5 a week.

The only evidence, on the part of appellants, as to the cause for the overturning of the bus is that of appellant, Fiveash, and is very meager.

There were only five people on the bus at the time, the bus driver, Clyde Fiveash, appellee, her baby, and two others.

Mr. Fiveash testified: ". . . and about four miles out of Hoxie, the bus started across the road and hit the shoulder—it was soft dirt, and struck a mail box and I tried to straighten it back up and it seems as though I went down the road apiece, and it took out again, and went a little further and then it turned over. . . . Q. What was it that caused this bus to start going across the road? A. That, I don't know. There was a catch or something in the front end. Q. Was the bus in good condition at Newport? A. Yes, sir. Q. Did it run all right up to that point? A. Yes, sir."

On a trial to a jury, appellee was awarded damages in the sum of $2,500.

Appellants urge here that there is no substantial evidence of negligence presented to take the case to the jury, and that the verdict is excessive.

We are unable to agree with either contention.

It is our view that the evidence presented in this record, some of which we have set out above, when considered in its strongest light in favor of appellee, is substantial, and fully warranted the jury in returning a verdict in favor of appellee. When we determine here that there is substantial evidence to support the jury's verdict, we do not disturb it.

There is no evidence in this record that would indicate that appellee was guilty of any kind of negligence on her part contributing to her injuries. In fact, appellants do not so contend.

The bus driver's only explanation of what might have caused the bus to overturn was, "I don't know. There was a catch or something in the front end."

We think that the jury would have been justified from the testimony in concluding that Fiveash negligently lost control of the bus, thereby causing it to overturn and injure appellee.

Appellants earnestly insist that the verdict is excessive. The evidence shows that appellee, at the time of her injuries, was a young negro woman, twenty-two years of age, and the mother of two children, one of which is now dead. Her injuries caused much pain, severe shock, fracture of the femur bone of the left leg, and injury to her head, shoulder, hip, and right arm. There was also evidence that her back was injured in the sacro-iliac region. She was in bed for approximately three months, and it was necessary to place the fractured limb in a cast for a month or more. Her physician testified that her injuries would be permanent.

As this court said in *Coca-Cola Bottling Company of Arkansas* v. *Cordell,* 189 Ark. 1132, 76 S. W. 2d 307:

"Verdicts are set aside for this cause (excessiveness) only when they are not supported by proof, or when they are so excessive as to indicate passion, prejudice, or an incorrect appreciation of the law applicable to the case. *Texas & St. L. Ry. Co.* v. *Eddy,* 42 Ark. 527; *Kelly* v. *McDonald,* 39 Ark. 387.

"While the discretion of the jury is very wide, it is not an arbitrary or unlimited discretion, but it must be exercised reasonably, intelligently, and in harmony with the testimony before them. The amount of damages to be awarded for breach of contract, or in actions for tort, is ordinarily a question for the jury; and this is particularly true in actions for personal injuries and

other personal torts, especially where a recovery is sought for mental suffering. 8 R. C. L. 657, § 199.

"The amount of recovery in a case of this sort should be such, as nearly as can be, to compensate the injured party for his injury. The suit is for compensation, and compensation means that which constituted or is regarded as an equivalent or recompense; that which compensates for loss or privation, remuneration. *M. P. Ry. Co. v. Remel,* 185 Ark. 598, 48 S. W. 2d 548.

"The extent of the injury and the amount of recovery were questions of fact for the jury, and there is nothing in this case to indicate passion, prejudice, or an incorrect appreciation of the law applicable to the case. This court, as was said in *Texas & St. L. Ry. Co. v. Eddy, supra,* cannot set aside a verdict if it is supported by proof, and when there is nothing to indicate passion, prejudice, or an incorrect appreciation of the law applicable to the case."

We do not think the size of the verdict in the instant case evidences passion or prejudice on the part of the jury, or misapplication of the law as announced by the trial court, and, therefore, we do not feel warranted in reducing the amount.

On the whole case, we find no errors, and the judgment is accordingly affirmed.

