FARM BUREAU MUTUAL INSURANCE COMPANY
OF ARKANSAS, INC. *v.* Jimmie J. GLOVER

CA 81-31                                    616 S.W. 2d 755

Court of Appeals of Arkansas
Opinion delivered June 3, 1981

*Laser, Sharp & Huckabay*, for appellant.

*James O. Burnett*, for appellee.

DONALD L. CORBIN, Judge. This is an appeal from a jury verdict in the Circuit Court of Lonoke County awarding appellee, Jimmie J. Glover, $5,430.74 against appellant, Farm Bureau Mutual Insurance Company of Arkansas, Inc.

In September, 1978, Jimmie Glover and Earnest Hill (co-defendant below) reached an oral agreement whereby Hill was going to use a 1977 truck owned by Jimmie Glover on a trial basis to see if Hill would be interested in purchasing it. It was undisputed that Hill and Glover agreed that during the time the truck was being operated and tested by Mr. Hill, Mr. Hill would be responsible for its upkeep, including insurance. It is also undisputed that on September 19, 1978, Mr. Hill's brother-in-law called appellant's office in Lonoke and secured physical damage coverage on the

truck in question. This coverage was placed with the appellant under Mr. Hill's already existing policy of insurance which covered all of the fleet of trucks owned by Mr. Hill.

In October, 1978, Mr. Hill advised Mr. Glover that because of the condition of the truck, the price, the amount of the bank lien and other matters he was not interested in purchasing the truck and he was unwilling to go through with his initial proposal. The parties at that point reached a second agreement whereby Glover was to retain title to the truck, be responsible for all maintenance and upkeep thereon and was to haul minnows for Mr. Hill to Texas at the rate of $300.00 per trip.

Following an accident in the State of Texas, Mr. Glover contacted the Farm Bureau office and made claim under Mr. Hill's policy. Farm Bureau, in the mistaken belief that Mr. Hill owned the truck, evaluated the claim and sent Mr. Hill a draft in the amount of $5,430.74. Farm Bureau obtained the draft back from Hill and refused to make any payment to Glover after discovering that Hill had no proprietary or ownership interest in the truck and because Mr. Glover had never been listed on the policy as an insured. Glover then brought suit against Hill and Farm Bureau Mutual Insurance Company.

At trial, after the plaintiff's case was presented, the Court ruled as a matter of law that Hill had no insurable interest in the truck at the time of the accident and granted Farm Bureau's motion for directed verdict on this issue. The trial court submitted to the jury the question of whether Hill and Glover had an oral agreement requiring Hill to procure and maintain insurance on Glover's truck. The jury returned a verdict in favor of Hill and against Farm Bureu Mutual Insurance Company. Thereafter, Farm Bureau filed a motion for a judgment notwithstanding the verdict, asserting that there was no substantial evidence supporting a theory of liability on which it would be liable to Glover; and further, that since the jury had found that Hill had not made any oral agreement with the plaintiff, as a matter of law, no recovery could be had against Farm Bureau. The

motion was overruled. Farm Bureau then appealed to this Court. Hill is not a party to this appeal.

The Arkansas Supreme Court has stated that insurance proceeds are payable only to the person whose interest is covered by the policy, provided he has an insurable interest at the time of making the contract and at the time of the loss. See *Barner* v. *Barner*, 241 Ark. 370, 407 S.W. 2d 747; *National Bedding and Furniture Industries, Inc.* v. *Clark*, 252 Ark. 780, 481 S.W. 2d 690.

The jury was given the following instruction:

A contract is an agreement which creates an obligation. There must be competent parties, a subject matter, a legal consideration, a mutuality of agreement. Agreement is the expression of two or more persons of a common intention to affect their legal relations. It consists of their being of the same mind and intention concerning the matter agreed upon.

The jury found as a matter of fact that there was no underlying agreement between Hill and Glover to purchase insurance. It follows that there was no basis upon which a verdict against Farm Bureau could be returned. When taken with the fact that the trial court ruled as a matter of law that on the day of the alleged accident Hill had no insurable interest in the truck, it follows that there is no basis for a judgment against Farm Bureau.

We would also point out the doctrines of waiver and estoppel are not applicable in this case. Our Supreme Court has specifically held that in view of the strong public policy against enforcing insurance contracts in which there is no insurable interest involved, the doctrines of waiver and estoppel are completely inapplicable to create coverage which otherwise does not exist under the policy or to place therein a risk expressly excluded from the policy. *Life & Casualty Insurance Co. of Tennessee* v. *Nicholson*, 246 Ark. 570, 439 S.W. 2d 648 (1969); *Batesville Insurance & Finance Co.* v. *Butler*, 248 Ark. 776, 453 S.W. 2d 709 (1970).

This court has the power and duty to set aside a verdict totally unsupported by substantial evidence or unsupported by facts sufficient to support the award made by the jury. *Coca-Cola Bottling Co. of Arkansas* v. *Eudy*, 193 Ark. 436, 100 S.W. 2d 683; *Midwest Bus Lines, Inc.* v. *Williams*, 243 Ark. 854, 422 S.W. 2d 869 (1968).

Reversed and dismissed.

MAYFIELD, C.J., dissents.

GLAZE, J., not participating.